IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**VINCENT BAISI,**

    **Plaintiff,**

v.           Civil Action No.: 3:25-cv-00541

**LIEUTENANT JAMES PHILLIPS,
CORPORAL WOODS,
CORRECTIONAL OFFICER CASTEEL,
LIEUTENANT EDWARDS
MAJOR PAULEY,
CORRECTIONAL OFFICER ALBRIGHT, and
JOHN/JANE DOES;**

    **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Vincent Baisi, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his Complaint against the above-named Defendants, states as follows:

1. Plaintiff, Vincent Baisi (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the Western Regional Jail (hereinafter "WRJ") in West Virginia. Plaintiff is currently incarcerated at the Western Regional Jail.

2. West Virginia Division of Corrections and Rehabilitation (hereinafter "WVDCR") is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDCR's principle or central office is located in Charleston, Kanawha County, West Virginia. The WVDCR is responsible for overseeing the jails and correctional facilities throughout the state.

1

3. Defendants James Phillips, Woods, Casteel, Edwards, Pauley, Albright and Does were employed by the WVDCR as correctional officers at WRJ when they violated Plaintiff's constitutional rights by keeping him handcuffed for over seventy hours. Defendants were acting under the color of state law at all times relevant herein.

4. The reckless, willful and intentional acts and omissions of the Defendants directly resulted in Plaintiff being injured. Plaintiff asserts that he is seeking damages up to an amount commensurate with the amount of insurance coverage when and if applicable to the claims made herein. Defendants Phillips, Woods, Casteel, Edwards, Pauley, Albright, and Does are being sued in their individual capacity.

5. All events and occurrences alleged herein occurred in the State of West Virginia.

**FACTS**

6. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 5 as if set forth herein.

7. At all times relevant herein, Plaintiff was an inmate at WRJ.

8. On or about November 27, 2023, Plaintiff arrived at WRJ and was a pre-trial detainee. The nurse told the correctional officers that because Plaintiff was a post-operation cancer patient who had also undergone chemotherapy, he should not be taken through the x-ray machine. Despite this, Plaintiff was taken through the x-ray machine to search for contraband by Defendant Casteel and Does. The Defendants thought they saw something on the x-ray, so they forced Plaintiff to strip down and then had him go through the x-ray again. Plaintiff was then placed inside of a holding cell. Plaintiff was left inside of the holding cell for hours, until the next shift started.

9. The correctional officers on the next shift, Defendant Woods and Does made Plaintiff go through the x-ray scanner again. Plaintiff was then handcuffed behind his back by Defendant Woods and placed into a temporary holding cage. Plaintiff was told that there was an

abnormality with his x-ray. Plaintiff attempted to explain that he had previously had surgery for cancer and that was what was showing up on the x-ray. At no time was Plaintiff combative, a threat to himself or others, and at no time did Plaintiff fail to follow the orders of the Defendants. Despite this, Plaintiff was left handcuffed behind his back in the temporary holding cage for roughly twenty-eight hours. There was no legitimate reason or justification to keep Plaintiff handcuffed behind his back inside of a temporary holding cage for twenty eight hours, other than to harm and torture Plaintiff.

10. Plaintiff was then placed into a holding cell, but his hands remained handcuffed behind his back for another forty-eight hours. Plaintiff was handcuffed behind his back for over seventy hours total. Plaintiff eventually urinated on himself as he was not given a timely bathroom break. During this time Plaintiff was also forced to continually go through the x-ray machine and believes he was x-rayed a total of eleven times. Plaintiff suffered severe pain and suffering from being handcuffed behind his back for such an extensive period of time. At no time was Plaintiff combative, a threat to himself or others, and at no time did Plaintiff fail to follow the orders of the Defendants. Despite this, Plaintiff was left handcuffed behind his back for roughly over seventy hours. There was no legitimate reason or justification to keep Plaintiff handcuffed behind his back for such an extended period of time, other than to harm and torture Plaintiff. Similarly, there was no justification to send Plaintiff through the x-ray machine over ten times, when medical had already advised Plaintiff should not be taken through the x-ray machine due to his status as a post-operative cancer survivor. Plaintiff was exposed to unnecessary radiation from the x-ray machine.

11. At all relevant times herein, Defendants Phillips, Edwards, Albright, Pauley, Casteel and Woods were all senior correctional officers who were working in booking and in charge of the decision to keep Plaintiff in handcuffs for an extended period of time. Defendants

Phillips, Edwards, Albright, Pauley, Casteel and Woods were all in the booking area when this occurred, had knowledge of how long Plaintiff had been handcuffed in a temporary holding cage and holding cell, and ordered/allowed Plaintiff to continue to be in restraints for over seventy hours total. Defendants Phillips, Edwards, Albright, Pauley, Casteel and Woods each had the authority and the ability to release Plaintiff from restraints and stop him from being handcuffed behind his back for over seventy hours.

12. The abnormality on the x-ray was from Plaintiff's hernia mesh from his surgery for cancer, as Plaintiff had previously tried to explain to the Defendants. Defendants ignored medical and tortured Plaintiff by subjecting him to cruel and unusual punishment by keeping him handcuffed for an extraordinary amount of time. Defendants' conduct was a violation of plaintiff's constitutional rights under the Eighth Amendment and/or Fourteenth Amendment of the United States Constitution. Defendants' conduct was outrageous, an excessive use of force, cruel and unusual punishment, and the Defendants were deliberately indifferent to Plaintiff's health and safety. These defendants were acting under the color of state law. At no time was plaintiff a threat to the defendants and at no time did plaintiff threaten the defendants, refuse to follow orders, cause any type of disruption, or have contraband.

13. The reckless, willful and intentional acts of the Defendants directly resulted in the Plaintiff suffering both physical injury and severe emotional distress. Plaintiff suffered and continues to suffer severe emotional distress.

14. Plaintiff further asserts that he is seeking damages from the defendants up to an amount commensurate with the amount of insurance coverage applicable to the claims made herein. Plaintiff further asserts that he has exhausted his administrative remedies.

15. All events and occurrences alleged herein occurred in the State of West Virginia.

## COUNT I - VIOLATION OF 42 USC §1983/EXCESSIVE FORCE/CRUEL AND UNUSUAL PUNISHMENT

16. Plaintiff realleges and incorporates the allegations of the previous paragraphs as if fully set forth herein.

17. Defendants, while acting under the color of state law, violated Plaintiff's Eighth/Fourteenth Amendment rights against cruel and unusual punishment/excessive force/torture.

18. The individual defendants violated Plaintiff's federal constitutional rights, as described and identified herein, by authorizing, committing, condoning, or failing to remedy the unlawful torture of Plaintiff by placing him in handcuffs behind his back for over seventy hours total. Plaintiff was eventually forced to urinate on himself and his restraints were also tightened to the point of causing pain and numbness. Plaintiff suffered severe pain and suffering from having his hands handcuffed behind his back for such an extraordinary amount of time.

19. By using restraints in excess of 70 hours when no restraints were necessary, defendants violated Plaintiff's constitutional rights.

20. There was no good-faith basis for Defendants' participation in and sanction of plaintiff's restraint for over seventy hours. Under no circumstances was it necessary, legal or proper to place plaintiff in handcuffs behind his back for 70 hours when he posed no threat to the Correctional Officers, himself or state property.

21. This conduct was unwarranted, unnecessary and unjustified. Defendant's actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, pain and emotional distress upon him and were carried out under the color of the law of the State

of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. Defendant's conduct was unnecessary and excessive and is cruel and unusual punishment. Defendant's use of excessive force on a compliant inmate demonstrates the unconstitutional nature of the excessive force as well as the malicious intent.

22. The use of force/restraints on Plaintiff when he posed no threat to himself or others was a violation of Plaintiff's rights under the Eighth/Fourteenth Amendment of the United States Constitution to be free from unreasonable intrusions on his bodily integrity. Defendants' conduct was cruel and unusual punishment. This cruel and unusual punishment was carried out without any just cause and was completely unwarranted. Correctional Officers such as the defendants receive training that identifies such conduct as a constitutional violation of an inmate's rights.

23. The conduct of the Defendants was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's right to be free from excessive force under the Eighth/Fourteenth Amendment. Further, the Defendants' acts, as set forth herein, were done while acting under the color of state law with the knowledge that such conduct violated plaintiff's constitutional rights. Defendants would have known that their conduct was a violation of Plaintiff's Eighth/Fourteenth Amendment rights as a result of their training.

24. "[P]unitive intent behind a defendant's use of force may be inferred when the force is not reasonably related to a legitimate nonpunitive governmental objective." *United States v. Cobb*, 905 F.2d 784, 789 (4th Cir.1990) cert. denied, 498 U.S. 1049, 111 S.Ct. 758, 112 L.Ed.2d 778 (1991).

25. The Eighth Amendment and Fourteenth Amendment to the United States Constitution forbids cruel and unusual punishment and prohibits the use of excessive force or the

use of force that is unnecessary, unjustified, or applied with malicious and sadistic intent for the purpose of punishment and to cause harm.

26. The actions carried out by the Defendants as described herein were in violation of clearly established law as well as defendant WVDOCR's own policies and procedures.

27. The actions of the Defendants were committed under the color of state law, and deprived Plaintiff of his clearly established constitutional rights to safety, due process, and not to be subjected to cruel and unusual punishment. Any officer or employee being employed at this facility knew or should have known such rights were possessed pursuant to the Eighth and or Fourteenth Amendments to the United States Constitution, WVDOC Policy Directives, common law, as well as their training.

28. As a direct or proximate result of the Defendants' unconstitutional actions or inactions, Plaintiff was subjected to unnecessary and excessive force and pain and suffering in violation of the Eighth and/or Fourteenth Amendment to the United States Constitution. Plaintiff seeks to recover damages that compensate him for:

    A. Physical pain and suffering, past and future;

    B. Mental pain and suffering, past and future;

    C. Humiliation, embarrassment, and degradation;

    D. Punitive Damages;

    E. All other damages allowed by law.

29. In addition to these compensatory damages, Plaintiff also seeks to recover, under 42 U.S.C. § 1988, the attorneys' fees and costs incurred during the course of this litigation.

30. As a result of this conduct, Plaintiff suffered serious physical injury. Plaintiff also suffered severe mental anguish, embarrassment, humiliation and physical injury and has otherwise

been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against the defendants as well as attorney's fees and costs pursuant to 42 U.S.C.§ 1988.

### COUNT II - VIOLATIONS OF THE UNITED STATES CONSTITUTION
### DELIBERATE INDIFFERENCE (42 U.S.C. § 1983)

31.　Plaintiff hereby incorporates and re-alleges by reference, the allegations of the previous paragraphs of this Complaint.

32.　Defendants Phillips, Woods, Casteel, Edwards, Pauley, Albright, and Does were at all times herein acting under the color of state law and are being sued in their individual capacities.

33.　Defendants, while acting under the color of state law, violated Plaintiff's constitutional rights through deliberate indifference to his safety and personal needs, thereby resulting in plaintiff being subjected to being placed in handcuffs behind his back for roughly seventy hours.

34.　These Defendants acted with deliberate indifference when they ordered, witnessed, heard and/or allowed plaintiff to be left in handcuffs behind his back for seventy hours when he was not a threat to himself, others, or state property.

35.　The actions of Defendants violated the constitutional rights guaranteed to Plaintiff under the Eighth and Fourteenth Amendments to the United States Constitution. This deliberate conduct and indifference to plaintiff's safety violated plaintiff's constitutional rights as well as correctional facility policy.

36.　The actions and/or inactions of Defendants were not taken in good faith and were in violation of clearly established law, WVDOCR policy and directives, as well as the policies and procedures of defendants' medical providers.

37. Defendants violated Plaintiff's constitutional rights as a pretrial detainee under the Eighth and Fourteenth Amendments to the United States Constitution as described and identified herein, by failing to protect Plaintiff and by failing to take adequate measures to protect plaintiff from being tortured by having his hands handcuffed behind his back for seventy hours. These defendants had both the opportunity and obligation to intervene on plaintiff's behalf and stop the excessive restraint.

38. The acts and omissions of the Defendants as described herein violated the Eighth and/or Fourteenth Amendments to the Constitution of the United States of America and gives rise to the action against the Defendants named herein. Defendants through their training and legal precedent knew that they had a duty to protect inmates from harm and torture.

39. As a direct and proximate result of the deliberate indifference of the Defendants toward plaintiff, plaintiff incurred physical injury, pain and suffering and severe emotional distress.

40. The actions of the defendants were willful and wanton and/or deliberately indifferent, entitling Plaintiff to punitive or exemplary damages in an amount to be determined by the Jury.

41. Pursuant to 42 U.S.C. §1988, Plaintiff is also entitled to attorney fees and costs. Plaintiff has been damaged as a result and seeks all compensatory and punitive damages allowed by law.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants and requests that the Court award damages including, but not limited to, physical injury, medical expenses, past and future medical

expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

                                      VINCENT BAISI,
                                      By Counsel,

/s/ Paul Stroebel
Paul E. Stroebel, Esquire (WV BAR 13269)
Attorney for Plaintiff
Stroebel & Stroebel, PLLC
405 Capitol Street; Suite 102
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail: paulstroeb@aol.com